No. 46,962

GEORGE M. KETNER, JR., *Appellee*, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, *Appellant*.

(510 P. 2d 1220)

Opinion filed June 9, 1973.

*Charles W. Harris*, of Weigand, Curfman, Brainerd, Harris & Kaufman, of Wichita, argued the cause, and *J. B. Reeves*, of Topeka, was with him on the briefs for the appellant.

*Payne H. Ratner, Jr.*, of Ratner, Mattox, Ratner, Ratner & Barnes, of Wichita, argued the cause and was on the brief for the appellee.

*Per Curiam:* This is an action under the Federal. Employers Liability Act. Liability was admitted by the defendant railway company and the cause was tried on the sole question of damages. The defendant introduced no evidence, made no objection to the instructions given by the court and requested no instructions or special questions. The jury returned a verdict in favor of the plaintiff-employee for $173,000. The trial court overruled defendant's amended motion for a new trial or in the alternative for a reduction in the amount of the judgment, and defendant has appealed.

The record is replete with evidence showing the nature, extent and severity of the painful and disabling injuries sustained by the plaintiff. The medical report of Dr. C. L. Francisco, an orthopedic surgeon, was admitted into evidence by agreement. It shows that plaintiff sustained a compression fracture of the first lumbar vertebra which healed with a residual compression, fracture of the left thumb, weakness of his back muscles and a limitation of back motion, and that he had some permanent disability. He suffered, in addition, numerous cuts and bruises, a torn rib cage, and injury to his knees.

Dr. Alexander Lictor, a specialist in orthopedic surgery, saw the appellee on four occasions and testified in substance as follows:

Plaintiff's first lumbar vertebra is a typical broken back. The front of the vertebra is mashed down at least 30% as compared to the back. The bones actually rub against each other which is the problem with a compression fracture. The bone healed but it

throws the joint out of line and it wears out sooner. There is no question but that he will develop arthritis as a result of his injuries. The younger the individual is the more severe this will become. Bending and lifting are painful and aggravate his condition. The more he bends the more pain and joint change he will have. If the pain gets severe enough a bone fusion will be recommended to stiffen the area. There is no other treatment other than taking medicine, or not lifting or bending. The fusion is successful in 75% to 80% of the cases and is not recommended. In about 10 or 15 years he should have more pain than now. That is when he may have to have an operation depending on what he is doing. He has a true case of arthritis of the back which will get worse. He had complaints of pain indicating a nerve irritation because the nerves to the leg and body go through the holes between the bones in the back. He walked with a slight limp, the spine was tender with pain in all directions, particularly when he bent to the right; lifting the right leg caused him pain and the right knee was tender above the knee cap and hurt when bent all of the way back. The injury to the back is permanent.

Dr. Lictor gave plaintiff a disability rating on the basis of manual and physical labor of 30% of the body as a whole.

At the time he was injured plaintiff was 30 years of age, in good health, had no ailments and was a good worker, frequently doing extra work. He had a life expectancy of 40.34 years and a work expenctancy of 28.95 years. He had been employed by the defendant for approximately ten years during which he received a number of increases in wages. A complete account of his earnings is set out in the record. There was substantial competent evidence of his loss in wages and of impairment of his earnings capacity.

For the days he was unable to work between July 14, 1966, to April 9, 1970, he lost wages of approximately $12,500. He is unable to do the work required of a switchman, conductor, road switcher or head brakeman, or to do extra work which he did before he was injured. He had to lay off working and lost wages because of the pain in his back, knees and chest and is unable to do work requiring strenuous exertion, stooping, bending or jarring.

We find nothing in the record to indicate the general verdict was the result of passion or prejudice. The trial court remarked, "If there was any reason for passion or prejudice in this case, I didn't see it." The amount of the verdict is not so large as to shock the conscience of the court. It encompasses past and future wage

loss, past and future medical expense, and past and future pain and suffering. The verdict was approved by the trial court and will not be set aside or a remittitur granted. *Knoblock v. Morris,* 169 Kan. 540, 220 P. 2d 171; *Slocum v. Kansas Power & Light Co.,* 190 Kan. 747, 378 P. 2d 51; *Osborn v. Lesser,* 201 Kan. 45, 439 P. 2d 395.

It was not error to instruct the jury that the verdict could not exceed $700,000, the amount prayed for in the petition. The instruction given was PIK 9.01. Further, no objection was made to the instruction, and giving it cannot be assigned as error on appeal. (K. S. A. 60-251 [*b*].)

Defendant made no showing that "newly discovered" evidence of plaintiff's condition could not, with diligence, have been produced at the trial; hence, there was no error in not granting a new trial on that ground. *Bott v. Wendler,* 203 Kan. 212, 453 P. 2d 100; *Augusta Oil Co., Inc. v. Watson,* 204 Kan. 495, 464 P. 2d 227.

It is within the discretion of the trial court whether the use of oral testimony or depositions is permitted at the hearing of a motion for a new trial. (K. S. A. 60-259 [g].) No abuse of that discretion has been established. *Bott v. Wendler,* supra. The refusal of the trial court to view films taken after the trial was not error. The films were described in one of defendant's affidavits and all affidavits were considered by the trial court before overruling the motion for a new trial.

The judgment is supported by substantial competent evidence and there is nothing in the record to indicate arbitrary action or abuse of discretion by the trial court.

The judgment is affirmed.

FATZER, C.J.: I would affirm the judgment upon the plaintiff's acceptance of a remittitur of the verdict to $80,000 on or before June 20, 1973; otherwise, I would direct a new trial upon all issues.

SCHROEDER and FONTRON, JJ., join in the foregoing opinion of FATZER, C. J.