(575 P.2d 566)

No. 49,200

EARL H. GANNAWAY, *Appellee,* v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, A Corporation, *Appellant.*

Opinion filed February 17, 1978.

*Joseph H. McDowell,* of Kansas City, for the appellant.

*E. L. Kinch,* of Ratner, Mattox, Ratner, Ratner and Barnes, P. A., of Wichita, and *William L. Roberts,* of Kansas City, for the appellee.

Before SWINEHART, P.J., FOTH and ABBOTT, JJ.

FOTH, J.: This is an action by a railroad worker against his employer under the federal Safety Appliance Acts. A jury returned a general verdict for $150,000.00. The defendant appeals raising four points concerning the amount of the verdict, the manner in which it was reached, and the elements of damage submitted to the jury.

1.    Defendant's first and primary claim of error is based on the fact that the trial court gave the jury no tables or mathematical formulae for reducing lost future earnings to present worth, as the court's instructions required it to do. The issue was raised below only after defendant had rested and after court and counsel had settled on the instructions to be given. At that time defendant requested the court to take judicial notice of and submit to the jury certain annuity tables proffered as exhibits by counsel. The trial court denied the request.

We cannot fault the trial court for rejecting the exhibits, particularly considering the time they were offered. Whether to permit defendant to reopen its case at that stage to offer this additional evidence was within the discretion of the trial court. See, *e.g.,* *City of Wichita v. Unified School District No. 259,* 201 Kan. 110, 118, 439 P.2d 162. In addition, defendant proffered no testimony or other evidence, either then or during the trial, relating to the authenticity or genuineness of the tables. Assuming the tables could be shown to be matters of generalized knowledge under K.S.A. 60-409(*b*)(4), judicial notice was not mandatory because of defendant's failure to comply with the foundation requirements of 60-409(*c*). See also, 60-410(*c*).

On appeal defendant shifts its ground somewhat. Rather than rely on the rejection of its exhibits as error, defendant now claims the trial court was required to include their equivalent in its instructions; *i.e.,* to give the jury a specific formula for reducing future earnings to present worth. The instruction given required the jury to "reduce to its present worth, the amount of the anticipated future loss, by taking (1) the interest rate or return which the plaintiff could reasonably be expected to receive on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from the total amount of anticipated future loss whatever that amount would be

reasonably certain to earn or return, if invested at such a rate of interest over such future period of time; and include in the verdict an award for only the present-worth—the reduced amount—of the total anticipated future loss."

The appellant contends that federal law requires the giving of a more specific instruction on the means of calculating present value when it is requested. There are two problems with this argument. First, while federal law does govern the substantive rights of the parties under FELA actions including the right to proper instructions on damages, the law of the forum controls procedural and evidentiary matters. See, *Ches. & Ohio Ry. v. Kelly,* 241 U.S. 485, 60 L.Ed. 1117, 36 S.Ct. 630 (1916). In this case, the appellant failed to take the procedural steps necessary to get more detailed instructions on calculating present worth. No evidence was in the record on the mathematical calculations, and more importantly, no proposed instruction was offered. Second, the holding of only one circuit clearly supports the view that evidence on the calculation of present worth is essential. In *Ballantine v. Central Railroad of New Jersey,* 460 F.2d 540 (3d Cir. 1972), that court held that there could be no recovery for future losses absent some guidance in the method of reducing the amount lost or present value. See also, *Haddigan v. Harkins,* 441 F.2d 844 (3d Cir. 1970) and *Russell v. City of Wildwood,* 428 F.2d 1176 (3d Cir. 1970). Decisions in other circuits suggest that where, as here, a proper request for more detailed guidance is not made, a general instruction on reducing to present worth is adequate. *Pennsylvania Railroad Company v. McKinley,* 288 F.2d 262 (6th Cir. 1961), citing numerous state cases; *Duncan v. St. Louis-San Francisco Railway Company,* 480 F.2d 79, 87 (8th Cir. 1973), cert. den. 414 U.S. 859, 38 L.Ed.2d 109, 94 S.Ct. 69; *Heater v. Chesapeake and Ohio Railway Company,* 497 F.2d 1243, 1249 (7th Cir. 1974); *Baynum v. Chesapeake and Ohio Railway Company,* 456 F.2d 658 (6th Cir. 1972). These circuits reason that jurors are familiar enough with interest that they can intelligently take into account the earning power of money.

So, in this case, if defendant had laid a proper foundation for the admission of its tables, and then made a request for an appropriate instruction on their use, the trial court might properly have given a more detailed instruction. The instruction given was

not clearly erroneous, and on the state of the record we cannot find error.

2.   In its second point, defendant claims error in refusing to receive testimony from the jury foreman that the jury did not in fact reduce lost future earnings to present worth. Quite apart from defendant's violation of Rule No. 181 (220 Kan. lxix) by subpoenaing the jury foreman without prior court authority, the proffered testimony that the jury failed to follow the court's instructions would have been inadmissible as going to the "mental processes by which [the verdict] was determined." (K.S.A. 60-441.) See, *Hogue v. Kansas Power & Light Co.,* 212 Kan. 339, 510 P.2d 1308 (testimony on method of calculating damages should not have been received); *State v. Morgan,* 207 Kan. 581, 485 P.2d 1371 (testimony of jurors that the jury failed to follow the instruction regarding the defendant's failure to testify properly excluded); *Smith v. Union Pacific Railroad Co.,* 214 Kan. 128, 519 P.2d 1101 (testimony that instructions not clear to some jurors properly excluded); *Henderson v. Deckert,* 160 Kan. 386, 162 P.2d 88 (improper to allow juror to testify that the jury was confused by special question); *Milling Co. v. Edwards,* 108 Kan. 616, 197 Pac. 1113 (affidavit of juror on how the instruction was understood properly disregarded).

The two cases cited by the railroad for the proposition that verdicts in violation of the instructions must be set aside do not support the reception of the kind of juror testimony offered here. In those cases, it was apparent from the verdict itself that the jury had misunderstood or disregarded the instructions. In *U. P. Rly. Co. v. Hutchinson,* 40 Kan. 51, 19 Pac. 312, there was a conflict between answers to special interrogatories and the general verdict; in *Railway Co. v. Schroll,* 76 Kan. 572, 92 Pac. 596, the verdict was obviously inconsistent with an instruction to accept the plaintiff's admission of contributory negligence as true. In neither of the cases was the conclusion that the instructions had been disregarded based on the testimony of a juror. The case at bar, however, is not one in which it is apparent from the facts and circumstances that the verdict resulted from jury disregard of the instructions. Only by questioning the jurors could the verdict be impeached, and that cannot be done.

3.   In its third point, defendant asserts error in submitting the damage element of future medical expenses when they were not

specially pleaded or specifically mentioned in the pre-trial order. The element came into the case, as it were, by mutual consent and acquiescence. (See K.S.A. 60-215[*b*]; *Moore v. Bayless,* 215 Kan. 297, 524 P.2d 721, Syl. 3 and cases cited.) There was medical evidence that plaintiff would need to continue his current treatment, to wear a brace, and to take medication; and there was testimony by plaintiff and his wife that he currently was taking medication and had a doctor's appointment in the near future—all admitted without objection. It was clear from the evidence that there would be future medical expenses in fact incurred. Although the evidence as to amount was somewhat skimpy, as the trial court noted, there was enough for the issue to go to the jury. Under the circumstances, it was not an abuse of discretion to submit it, by amendment of the pre-trial order if deemed necessary.

4. The final claim is that the verdict was excessive. The verdict was general, so there is no way of telling how much was attributable to lost future earnings (defendant's chief complaint) and how much was for past and future pain and suffering, or any of the other elements submitted. As plaintiff points out, the injuries here are quite similar to those in *Ketner v. Atchison, T. & S. F. Rly. Co.,* 212 Kan. 453, 510 P.2d 1220, where the court approved a verdict of $173,000. We cannot say the $150,000 awarded here is "so grossly excessive as to shock the conscience of the court." (*Riggs v. Missouri-Kansas-Texas Rld. Co.,* 211 Kan. 795, 802, 508 P.2d 850.)

Affirmed.