**Jacklyn McKENNA, et al.,
Plaintiffs-Appellants,**

v.

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
Defendant-Appellee.**

**No. 86–5539.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 2, 1987.

Decided Sept. 22, 1987.

Marc Fiedler, Washington, D.C., for appellant. Patrick M. Regan, Joseph H. Koonz, Jr., Roger C. Johnson and Carolyn McKenney, Washington, D.C., were on the brief, for plaintiffs-appellants.

John G. Elligers, Associate General Counsel, WMATA, Washington, D.C., for appellee. Sara E. Lister, General Counsel, Carol A. Sigmond, Asst. General Counsel and Arnold I. Melnick, Deputy General Counsel, WMATA, Washington, D.C., were on the brief, for defendant-appellee.

Before EDWARDS and STARR, Circuit Judges, and SWYGERT,* Senior

---

* Sitting by designation pursuant to the 28 U.S.C.     § 292(a) (1982).

Circuit Judge, United States Court of Appeals for the Seventh Circuit.

SWYGERT, Senior Circuit Judge:

Jacklyn McKenna appeals the district court's dismissal of her complaint against the Washington Metropolitan Area Transit Authority (WMATA),[1] —— F.Supp. ——. We affirm the dismissal because, as the district court held, the WMATA Compact, D.C. Code Ann. § 1–2431, exempts WMATA from the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 *et seq.*

I

On February 12, 1985, McKenna's husband, a WMATA employee, was installing new rail wheels on a maintenance truck. While he was working, the structure collapsed on top of him. He died later that day as a result of the injuries he received.

In 1966, Maryland, Virginia, and the District of Columbia entered into an interstate compact to create WMATA. Congress consented to the compact, which established WMATA to operate a mass transit system for the District of Columbia and suburbs in Maryland and Virginia. *See Washington Metropolitan Area Transit Authority Compact,* Pub. L. No. 89–774, 80 Stat. 1324 (1966) (codified as amended at D.C. Code Ann. § 1–2431 (1981 & Supp. 1985)) (WMATA Compact).

McKenna filed an action under the Federal Employers' Liability Act against WMATA for the wrongful death of her husband. FELA provides that "[e]very common carrier by railroad while engaging in commerce" shall be liable for the injury or death of an employee resulting in whole or part from the carrier's negligence. 45 U.S.C. § 51. The statute applies only to railroads. *See Sinkler v. Missouri Pacific R.R.,* 356 U.S. 326, 329–30, 78 S.Ct. 758, 761–62, 2 L.Ed.2d 799 (1958).

WMATA moved to dismiss this suit on two grounds. First, it contended that FELA does not apply because WMATA is not a railroad. WMATA relied on the FELA exception for street railways. It argued that the WMATA system was a street railway and therefore not subject to FELA liability.

Second, WMATA argued that the WMATA Compact exempted it from FELA liability. The WMATA Compact provides for WMATA's tort liability, as follows:

The Authority shall be liable for its contracts and for its torts and those of its directors, officers, employees and agents committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for breach of contracts and torts for which Authority shall be liable as herein provided, shall be by suit against the Authority.

D.C. Code Ann. § 1–2431(80). WMATA asserts that section 80 clearly establishes that signatory law determines the remedy for WMATA's torts. McKenna concedes that WMATA was engaged in a proprietary function at the time her husband was injured.

The district court held that, even assuming that WMATA is a railroad and not a street railway, in enacting the WMATA Compact, Congress supplanted federal law with signatory law. The district court relied on section 80 of the WMATA Compact and section 77, which provides:

Except as otherwise provided in this Title, any transit service rendered by transit facilities owned or controlled by the Authority and the Authority or any other corporation, firm or association performing such transit service pursuant to an operating contract with the Authority, shall, in connection with the performance of such service, be exempt from all

---

**1.** The district court dismissed this case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In this procedural posture, we accept all of the plaintiff's factual allegations as true and draw all reasonable inferences in her favor.

laws, rules, regulations and orders of the signatories and of the United States otherwise applicable to such transit service and persons, except that laws, rules, regulations and orders relating to inspection of equipment and facilities, safety and testing shall remain in force and effect. D.C.Code Ann. § 1–2431(77).

In addition, section 5 of the Compact amends all federal law that is inconsistent with the provisions of the Compact. Pub. L. No. 89–774, 80 Stat. 1324 (1966). Based on the congressional intent expressed in the WMATA Compact, the district court held that the FELA did not apply to WMATA. Accordingly, it dismissed McKenna's complaint for failure to state a claim.

## II

On appeal, McKenna argues that the district court should have found that WMATA was a railroad subject to FELA. She also asserts that the district court erred in holding that the WMATA Compact exempted WMATA from FELA. She asserts that FELA is a safety statute. Because the WMATA Compact does not exempt WMATA from federal safety laws, D.C.Code Ann. § 1–2431(77), she concludes that WMATA was not exempted from FELA.

First, we reject McKenna's contention that the district court erred in not determining whether WMATA is a railroad. The district court decided that even assuming the point in her favor—that WMATA *is* a railroad, FELA still does not apply. We agree with the district court's analysis. We too decline to decide whether WMATA is a railroad for FELA purposes.

▪ Next, we turn to the WMATA Compact to determine its effect on FELA coverage. Assuming WMATA is a railroad, in the absence of the WMATA Compact, FELA would clearly apply. Subsequent to the enactment of FELA, however, Congress consented to the interstate WMATA Compact. As the district court recognized, the Compact, at least in part, addresses the same subject encompassed in FELA, the employer's tort liability. In section 80, the Compact clearly directs that torts commit-

ted in the conduct of proprietary functions must be decided under applicable signatory law. D.C.Code Ann. § 1–2431(80). To further clarify the impact of the WMATA Compact, section 77 expressly exempts WMATA from federal laws, with the exception of safety laws. D.C.Code Ann. § 1–2431(77). Finally, the Compact states that it amends any inconsistent federal laws. Pub. L. No. 89–774, 80 Stat. 1324 (1966).

The language of the WMATA Compact compels the district court's result. As in *Harmon v. Baltimore & Ohio R.R.*, 741 F.2d 1398, 1405 (D.C.Cir.1984), subsequent congressional action can limit or deny FELA coverage for workers previously covered. In *Harmon*, this circuit held that by expanding a railroad worker's coverage under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.*, Congress had repealed pre-existing FELA coverage, even without expressly identifying FELA coverage as affected. 741 F.2d at 1404–05.

▪ McKenna attempts to avoid the clear application of the WMATA Compact by styling FELA a "safety" statute. FELA, however, is a tort remedy statute, not a safety statute. *Lancaster v. Norfolk & Western Ry.*, 773 F.2d 807, 812 (7th Cir.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987). She reasons that because the Safety Appliance Act, 45 U.S.C. §§ 1 *et seq.*, and the Boiler Inspection Act, 45 U.S.C. § 23, are deemed amendments to FELA, they transform it into a safety statute. *See Urie v. Thompson*, 337 U.S. 163, 189, 69 S.Ct. 1018, 1034, 93 L.Ed. 1282 (1948) (Safety Appliance Act and Boiler Inspection Act "substantively if not in form amendments" to FELA). We reject this contention. The FELA provides a cause of action for employees injured as a result of violations of the Safety Appliances Act and the Boiler Inspection Act. *Id.* at 188–90, 69 S.Ct. at 1033–35. The Safety Appliance Acts and the Boiler Inspection Act do not alter the congressional intent behind the FELA. FELA remains a tort remedy statute.

Because we read FELA as a tort statute, we hold that the Compact exempts WMA-

TA from FELA. Even McKenna concedes that the WMATA Compact unambiguously exempts WMATA from federal law with respect to tort liability. Appellant's Brief at 18–20. Accordingly, we affirm the district court's dismissal of McKenna's complaint for failure to state a claim.