Charles W. BRADY, Plaintiff–Appellant,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware corporation, Defendant–Appellee.

No. 84CA0981.

Colorado Court of Appeals, Div. III.

Feb. 18, 1988.

VAN CISE, Judge

While working as a conductor for defendant, Burlington Northern Railroad Company, (railroad), plaintiff, Charles W. Brady, attempted to board a train, tripped, and was injured. He brought this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq. He alleged he tripped on the motor car setoff (two railroad ties placed perpendicular to the rails with ballast between the ties). He claimed negligence on the part of the railroad in that it failed adequately to warn of the danger posed by the motor car setoff. The railroad contended that plaintiff was injured as a result of his own negligence in not observing the motor car setoff which it asserted was open and obvious.

The jury returned a verdict finding that plaintiff's damages were $150,000 but apportioned negligence 80% to plaintiff and 20% to the railroad. This resulted in a net judgment for plaintiff in the amount of $30,000. Claiming errors in jury instructions and evidentiary rulings, plaintiff appeals, and we reverse.

I.

First, plaintiff asserts the trial court erred in giving the jury the "look, but fail to see" instruction. We agree.

The instruction given reads:

"To look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care and is of no more effect than not to have looked at all."

See CJI–Civ.2d 9:13 (1980).

There was conflicting evidence as to whether the motor car setoff was plainly visible. Therefore, this was an issue of fact. Under these circumstances, it was error for the court to have given the instruction without appropriate modifications because it could have left the jury with the impression that the court was directing that the motor car setoff was visible to plaintiff and that he had not looked with care. See Rimkus v. Northwest Colorado Ski Corp., 706 F.2d 1060 (10th Cir.1983); Zavorka v. Union Pacific R.R. Co., 690 P.2d 1285 (Colo.App.1984).

Considering that the jury determined plaintiff was 80% contributorily negligent, we can surmise that the court's error in giving the jury instruction caused significant prejudice to plaintiff. That error mandates reversal of the judgment.

## II.

■ Since this may occur again on retrial, we address plaintiff's contention that the trial court erred in instructing the jury to adjust the damage award to present value, without there having been any competent evidence as to how the adjustment procedure worked and what was a fair adjustment. We agree.

■ An award of damages for future monetary loss under FELA must be adjusted to present value. St. Louis Southwestern Ry. Co. v. Dickerson, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985); Chesapeake & Ohio Ry. Co. v. Kelley, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117 (1916). In addition, the jury is entitled to receive evidence and appropriate mathematical guidance on the method of adjusting future losses to present worth. Ballantine v. Central R.R. of New Jersey, 460 F.2d 540 (3rd Cir.1972).

Although this court has held that an award for future monetary loss should be adjusted to present value, Turley v. Ball Associates, Ltd., 641 P.2d 286 (Colo.App. 1981), and see In re Marriage of Grubb, 745 P.2d 661 (Colo.1987), we have not heretofore addressed the method by which present value is to be computed.

■ The fairest award of damages for future losses is that which takes into account both discount and inflation rates. This computation allows the plaintiff to be made whole without receiving a windfall. Alma v. Manufacturers Hanover Trust Co., 684 F.2d 622 (9th Cir.1982). However, the parties must still bear the burden of presenting competent evidence of each element independently. Alma, supra; United States v. English, 521 F.2d 63 (9th Cir. 1975). "[T]he burden of procuring and presenting economic evidence [is] on the litigant who would benefit from its acceptance by the fact finder." Aldridge v. Baltimore & Ohio R.R. Co., 789 F.2d 1061 (4th Cir.1986); Alma, supra.

■ Damage evidence presented in such a case may lead to one of four computations. If neither party provides competent evidence of either the inflation rate or the discount rate, a lump sum award not adjusted for present value is appropriate. Aldridge, supra; Alma, supra. If competent evidence of the discount rate is presented but there is a failure of proof as to the inflation rate, the award must be reduced to present value with no adjustment for inflation. Similarly, if there is competent evidence as to the inflation factor but a failure of proof as to the discount rate, the lump sum must be adjusted only for inflation. Last, if competent evidence of both the discount and inflation rate is presented, the fact finder must consider both in computing the award.

■ There are two approved approaches to the mathematical calculation where both factors can be established. First, the "inflation-reduction" or "independent incorporation" method requires increasing the entire lump sum award by the compounded rate of inflation and then applying the discount rate to reduce the inflated sum. See

*Hollinger v. United States,* 651 F.2d 636 (9th Cir.1981).

█ The second method, the "offset" method, requires that the inflation rate be subtracted from the discount rate, to achieve the "real" interest rate, which is then applied to the lump sum, with the result being added to or subtracted from the original lump sum. *See Feldman v. Allegheny Airlines, Inc.,* 524 F.2d 384 (2d Cir.1975).

Several economists have advocated application of a third method using a set formula which assumes a constant relationship between the two rates. *See* Formuzis & O'Donnell, *Inflation and the Valuation of Future Economic Losses,* 38 Mont.L.Rev. 297 (1977); Sherman, *Projection of Economic Loss: Inflation v. Present Value,* 14 Creighton L.Rev. 723 (1981). However, there is no logical basis for assuming that the discount rate and the inflation rate will net to zero. *United States v. English,* 521 F.2d 63 (9th Cir.1975). Therefore, we reject that approach, although recognizing that in a particular case the two rates could offset each other.

The choice of instruction on either of the first two methods is best left to the trial court based on the evidence. It is in a superior position to assure the entry of a fair and reasonable award on the basis of the evidence.

The other contentions of error may not reoccur, so we do not address them at this time.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG and JONES, JJ., concur.