**Randall J. MILLER,**
**Plaintiff–Appellee/Cross–Appellant,**

v.

**UNION PACIFIC RAILROAD**
**COMPANY, Defendant–**
**Appellant/Cross–Appellee.**

**Nos. 87–1005, 87–1012.**

United States Court of Appeals,
Tenth Circuit.

April 5, 1990.

Rehearing Denied May 29, 1990.

**224**

Charles D. McAtee of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for defendant-appellant/cross-appellee.

Lee Turner (Lynn Hursh and Casey Law with him on the briefs) of Turner and Boisseau, Overland Park, Kan., for plaintiff-appellee/cross-appellant.

Before McKAY, LOGAN, and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff Randall J. Miller is an employee of Agco, Inc., an agricultural grain storage company located in Russell, Kansas. He was injured while attempting to couple two loaded grain cars owned by defendant Union Pacific Railroad Co.

Miller brought a common law negligence action against Union Pacific in federal court under the diversity statute, 28 U.S.C. § 1332, alleging that his injury was caused by Union Pacific's negligent maintenance of a defective brake platform on the car on which he was riding when the accident occurred. A jury trial resulted in a determination, pursuant to the Kansas Comparative Negligence Act, Kan.Stat.Ann. § 60–258a, that 47% of the total fault for the accident was attributable to defendant, 20% to Miller himself, and 33% to Miller's employer, Agco, Inc.; and that the total damages Miller sustained were $1,678,700. Accordingly, after adjustment for Miller's negligence, judgment was entered against Union Pacific for $788,989.

Union Pacific appeals on ten different grounds and asks for a new trial. Miller's cross-appeal, No. 87–1012, arguing that the comparative negligence statute was not applicable to this case, and asking for the entire amount of damages found by the jury, was dropped during oral argument

before this court. Both parties agree that Kansas law governs all substantive issues. We affirm.

**I**

█ Union Pacific's first two arguments concern the applicability of the Federal Safety Appliance Acts, 45 U.S.C. § 1 *et seq.* (FSAA or Act), to this case. As we have noted, Miller brought this action seeking recovery for damages resulting from Union Pacific's alleged negligence. The FSAA is mentioned neither in the complaint nor in the pretrial order. Miller's attempt to inject a state law cause of action based on violation of the Act into the suit by way of a proposed jury instruction was rejected by the district court. Miller has dropped his cross-appeal challenging the district court's action. On appeal, however, Union Pacific challenges the district court's conclusion, and instruction, that violation of the Act could properly be considered as evidence of negligence by the jury. Union Pacific argues that the repeated references to the Act at trial constituted unfair prejudice warranting a new trial. It also argues that the district court erred in denying a motion for mistrial after Miller's counsel made a single reference to the term "negligence per se" before the jury in connection with the Act. We disagree.

We first note that Miller was clearly a member of the group of persons intended to be protected by the FSAA. *See, e.g., Coray v. Southern Pac. Co.*, 335 U.S. 520, 522–23, 69 S.Ct. 275, 276–77, 93 L.Ed. 208 (1949) (FSAA must be interpreted "to protect all who need protection from dangerous results due to maintenance or operation of congressionally prohibited defective appliances"); *Carbon County Ry. v. United States*, 309 F.2d 938, 941 (10th Cir.1962) (FSAA's purpose is "to promote the safety of railroad employees, those using the facilities of the railroad, and the public"). However, even individuals *not* within the zone of protection of a safety statute may point to its violation as evidence of negligence. *See, e.g., Denton v. Missouri, K. & T. Ry.*, 90 Kan. 51, 133 P. 558, 559 (1913). No error can lie in similar use of violation

of a statute by one within its zone of protection. The single reference at trial to the term "negligence per se," although inappropriate in a simple negligence suit, was not prejudicial.

## II

■ Union Pacific next contends that the jury award is not supported by substantial evidence. It argues that only the testimony of plaintiff's expert, Frederick Schwartz, supported the jury's finding that Union Pacific was negligent. But this testimony should never have been admitted, Union Pacific urges, because Schwartz's opinion was formed and disclosed so late that Union Pacific was prejudiced in conducting its defense, and because the testimony was too speculative.

Union Pacific's argument with respect to the late formation of the expert's opinion relies upon our decision in *Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir.1980), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). In *Smith*, we found that the defendant suffered actual prejudice when one of the plaintiff's medical experts was allowed to testify regarding the proximate causation of plaintiff's injuries, although the witness list had indicated that his testimony would be limited to his treatment of plaintiff and plaintiff's prognosis. *Id.* at 797–98. Here, Union Pacific knew at all times the subject matter of Schwartz's anticipated testimony. While the witness appears to have formed more definite conclusions between the time of his deposition and the time of trial, Union Pacific does not even allege actual prejudice to its case as a result. Its argument on this point is without merit.

The contention that Schwartz's testimony was too speculative is equally unconvincing. We review the district court's decision to admit the testimony under an abuse of discretion standard. *Firestone Tire & Rubber Co. v. Pearson*, 769 F.2d 1471, 1482 (10th Cir.1985). The expert here expressed his conclusions as probabilities and not as mere conjecture, in accordance with the requirements of settled Kansas law. *See, e.g., Carney v. Hellar*, 155 Kan. 674,

127 P.2d 496 (1942). The district court's determination that any doubts concerning the plausibility of those conclusions go to the weight and not the admissibility of the testimony was, on the facts of this case, manifestly not an abuse of discretion.

Further, our own review of the record convinces us that the verdict was supported by sufficient competent evidence. *Higgins v. Martin Marietta Corp.*, 752 F.2d 492, 498 (10th Cir.1985); *Champion Home Builders v. Shumate*, 388 F.2d 806, 808 (10th Cir.1967).

## III

■ Union Pacific also argues that the district court committed reversible error in refusing a proposed jury instruction that any damages awarded for future medical expenses or loss of future earnings must be reduced to present value, citing, for support, *Gannaway v. Missouri–Kansas–Texas R.R.*, 2 Kan.App.2d 81, 575 P.2d 566 (1978). *Gannaway* was a Federal Employers' Liability Act (FELA) case, for which the question of the availability of a present value instruction was controlled by federal, not state law. *Id.* 575 P.2d at 569. The court's syllabus, however, contains the following paragraph: "A defendant in any action is entitled to have amounts allowed for future damages reduced to present worth where there are reasonable grounds to expect that the amount awarded may be safely and profitably invested." *Id.* at 568. The *Pattern Instructions for Kansas 2d* (1986 Supp.) have incorporated this dicta into the model instruction covering elements of personal injury damage. *Id.* § 9.01.

In the case before us, Union Pacific submitted a general present value instruction identical to the one approved in *Gannaway*. It urges that *Gannaway* should be deemed an authoritative statement of Kansas law and that the district court's rejection of the proposed instruction was therefore reversible error. We will accept *arguendo* Union Pacific's argument that *Gannaway* establishes a defendant's right to a present value instruction.

The principal question in *Gannaway*, however, was whether the defendant was entitled to an instruction containing a specific formula for reducing future earnings to present worth. 575 P.2d at 569. The defendant contended that *federal law* required such an instruction to be given. The court held, however, that "while federal law does govern the substantive rights of the parties under FELA actions including the right to proper instructions on damages, the law of the forum controls procedural and evidentiary matters." *Id.* It then ruled that because the defendant "failed to take the procedural steps necessary to get more detailed instructions on calculating present worth," *id.*, a specific instruction was unwarranted. In the syllabus, this holding was expressed more broadly: "Where there is no evidence introduced during the trial as to any particular method of reducing future damages to present worth, the trial court is not required to formulate such a method in its instructions but may instead give a general instruction on the jury's duty in this regard." *Id.* at 568.

Assuming with Union Pacific that it was entitled under *Gannaway* to a reduction to present value instruction, it is apparent that the holding of that case upon which Union Pacific most relies, namely the right to a general instruction in the absence of any evidence concerning appropriate discounting methods, was viewed by the court itself as controlled by the law of the forum. We agree that it is. The law in the federal courts, however, is that when, as in this case, "neither party provides competent evidence of the inflation rate or the discount rate, the district court [or the jury] must make a lump sum award that is not adjusted for either factor." *Alma v. Manufacturers Hanover Trust Co.*, 684 F.2d 622, 626 (9th Cir.1982).[1] The district court did not err in refusing the tendered instruction.

## IV

■ Union Pacific next urges error in the district court's refusal to accept its proposed instruction that damage awards are not taxable. Kansas law unequivocally holds that "it is improper for a jury to consider federal or state income taxes in making a damage award." *Cornejo v. Probst*, 6 Kan.App.2d 529, 630 P.2d 1202, 1209 (1981). *See Spencer v. Martin K. Eby Constr. Co.*, 186 Kan. 345, 350 P.2d 18 (1960). Union Pacific argues, however, that the better rule is to allow nontaxability instructions, and suggests that if the Kansas Supreme Court were to return to the question, it would overrule *Spencer*. It relies on *Grant v. City of Duluth*, 672 F.2d 677 (8th Cir.1982), in which the Eighth Circuit, in a diversity case governed by Minnesota law, held that the district court should give a requested nontaxability instruction on retrial, despite directly contrary Minnesota Supreme Court precedent. The court found the policy considerations behind the United States Supreme Court's decision in *Norfolk & Western R.R. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), approving nontaxability instructions in federal cases, so compelling that it ordered the district court to "give the requested instruction for cases in federal court in the absence of a state decision to the contrary issued after *Norfolk.*" *Grant*, 672 F.2d at 683.

*Cornejo*, of course, post-dated *Norfolk*. But Union Pacific correctly observes that the focus of that decision was not on the propriety of nontaxability instructions. And we agree that the Kansas Supreme Court may well decide to revisit and overrule its *Spencer* holding. We decline, however, to take upon ourselves in a diversity case the task of overruling controlling state supreme court precedent, even if we

---

1. We do not believe that this rule is affected by *Monessen S. Ry. v. Morgan*, 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), which held that a state trial court erred in a FELA case when it refused on the basis of a state rule to allow an award of future damages to be reduced to present value. *But see Aldridge v. Baltimore and O.R.R.*, 866 F.2d 111 (4th Cir.1989) (en banc) (apparently concluding that *Monessen* requires reduction in all cases). *Monessen* dealt with the substantive right to a present value instruction in federal cases, not with the distinct question of whether an evidentiary foundation must be laid to support the giving of such an instruction in a particular case.

believe that "policy considerations" favor a different rule. *Cf. Polson v. Davis,* 895 F.2d 705 (10th Cir.1990) (refusing to presume that Kansas Supreme Court would reform common law of defamation after *Dun & Bradstreet v. Greenmoss Bldrs. Inc.,* 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985)).

V

Union Pacific also claims error in the trial court's denial of its motion for remittitur. We find no abuse of discretion. *Garrick v. City and County of Denver,* 652 F.2d 969, 971 (10th Cir.1981). We have considered Union Pacific's other arguments, and deem them unworthy of discussion.

AFFIRMED.