**FLEXISYSTEMS, INC., and Robert E. Clay, Plaintiffs–Appellees,**

v.

**AMERICAN STANDARDS TESTING BUREAU, INC., and Robert Clay & Associates, Inc., Defendants–Appellants.**

No. 91CA1369.

Colorado Court of Appeals,
Div. I.

Oct. 8, 1992.

As Modified on Denial of Rehearing
Nov. 5, 1992.

Certiorari Denied March 15, 1993.

Jon S. Nicholls & Associates, P.C., Jon S. Nicholls, Denver, for plaintiffs-appellees.

Elwyn F. Schaefer, P.C., Elwyn F. Schaefer, Steven Clymer, Denver, for defendants-appellants.

Opinion by Judge NEY.

Defendants, American Standards Testing Bureau, Inc., and Robert Clay & Associates, Inc., appeal the judgment entered in favor of plaintiffs, Flexisystems, Inc., and Robert E. Clay. We affirm and remand with instructions.

Defendants purchased a business and associated personalty from plaintiffs by making a down payment, executing a promissory note for the balance, and giving plaintiffs a security interest in the property purchased. When defendants defaulted on their payment obligations, plaintiffs brought an action to replevy the secured property. Plaintiffs subsequently brought a second action to recover damages, including attorney fees, under the note. Plaintiffs also asserted a conversion claim for defendants' failure to comply with an order of the court pursuant to their replevin claim. Defendants counterclaimed, and the actions were consolidated for trial.

At the bench trial, defendants did not appear either in person or by counsel, and the record is devoid of any explanation for that failure to appear. At the conclusion of the evidence, the trial court entered judgment for plaintiffs and dismissed defendants' counterclaims with prejudice. This appeal followed.

Permeating defendants' appeal is the premise that, although they intentionally failed to appear at trial and therefore presented no evidence, the trial court, in its failure to act as advocate for the absent party, erred by not protecting defendants' rights. We perceive no impropriety in the trial court's actions, and we conclude that if, as here, a party does not appear for trial, without any explanation in the record, it is not the obligation of the court to act as that party's advocate. We further conclude that if the record, as here, fails to support the contentions of a party in consequence of that party's failure to participate in the trial, an appeal by the non-appearing party is frivolous.

I.

Defendants assert that the trial court erred in its calculation and award of damages. We do not agree.

A.

Defendants first contend that the trial court awarded excessive damages which resulted in a windfall to plaintiffs.

The record reveals that the trial court entered judgment for the balance of the note in the amount of $80,000 plus interest in the amount of $15,830.45. This judgment reflected the court's consideration of the appraised fair market value of the replevied property, or $24,366. Further, pursuant to the terms of the promissory note, attorney fees, related costs, and plaintiff's out-of-pocket expenses were properly awarded. We observe no reversible error in the trial court's calculation of damages.

B.

We find equally unpersuasive defendants' next contention that the trial court erred by awarding prejudgment interest on future commissions.

Section 5–12–102(1)(b), C.R.S. (1992 Repl. Vol. 2) provides for prejudgment interest at the rate of eight percent from the date of the wrongful withholding.

The evidence supports the conclusion that wrongful withholding of plaintiffs' profit began on March 14, 1990, the date upon which defendant converted plaintiffs' software in violation of the court's order. Therefore, the trial court's award of $57,605.69 for breach of contract and conversion and interest thereon was calculated correctly and was based upon resulting damages for lost property and not future commissions.

C.

Defendants assert that the trial court erred in awarding punitive damages on plaintiffs' breach of contract claims; however, the record does not support this contention. Rather, the punitive damages were awarded on the basis of defendants' repeated willful misconduct related to the conversion claim, as permitted by § 13–21–102(3), C.R.S. (1987 Repl.Vol. 6A).

The trial court found with evidentiary support that:

[B]ased on the history of this case and the testimony this morning before the Court, the Court finds that the defendants acted with willful and wanton conduct in this case, and that it is an appropriate case for the award of punitive damages; that the injury inflicted by the defendants on the plaintiffs on their conversion claim was attended by circumstance of malice and willful and wanton conduct.

The defendants were subject to a Contempt Citation in this case. They willfully disobeyed the Replevin Order of the Court to turn over the tapes, they copied the tapes. From the history of the record that's been presented this morning, it is clear that the defendants acted willfully and wantonly. Therefore, the Court will award exemplary damages in the amount of $57,605.69, one-third of which will be paid into the General Fund.

We perceive no error.

### D.

■ Defendant next argues that the trial court erred in awarding future sales commissions that were not reduced to present value. Again, we perceive no error.

■ Damages sustained by a business must relate to the loss of net profits, and such damages may not be speculative. Rather, they must be founded on the past experience of the business concerned. *Lee v. Durango Music*, 144 Colo. 270, 355 P.2d 1083 (1960). Here, evidence of the history of plaintiffs' established business was admitted to permit the court to determine lost profits. No evidence was presented that would provide the court with a basis for reducing the judgment to its present value.

Defendant has cited no authority which would require a reduction to present value in this case. Moreover, even if such a lump sum award for future losses should be adjusted for present value, *see Failing v. Burlington Northern R.R. Co.*, 815 P.2d 974 (Colo.App.1991), defendants' non-appearance and their resulting failure to pres-

ent evidence, or object to or refute evidence which was presented, or to advise the court of their position, invited this result. Therefore, they are precluded from raising this issue on appeal. *Morgan County Department of Social Service v. J.A.C.*, 791 P.2d 1157 (Colo.App.1989).

### E.

Defendants also argue that the trial court erred in giving them credit only for the liquidation value as opposed to the fair market value of the assets.

■ A sale price which is less than the fair market value or the appraised value is not dispositive of commercial unreasonableness. Nor does a sale price that is less than what the debtor expected necessarily constitute commercial unreasonableness. *United States v. Excellair, Inc.*, 637 F.Supp. 1377 (D.Colo.1986); § 4–9–507(2), C.R.S. (1992 Repl.Vol. 2).

The uncontradicted evidence in the record supports the trial court's conclusion that $24,336 was the fair market value of the replevied property. Hence, we may not disturb that conclusion.

### II.

Defendants next assert that the trial court erred in its failure to apply Article 9 of the U.C.C. to this case, thus resulting in a deficiency judgment to plaintiffs even though plaintiffs have retained their collateral. We disagree.

The record reflects that the replevin proceedings were proper and included a replevin bond. Plaintiffs retained the collateral during the course of the proceedings until they received a judgment.

Section 4–9–501, C.R.S. (1992 Repl.Vol. 2) (Official Comment 6) provides that: "A secured party is entitled to reduce his claim to judgment or to foreclose his interest by any available procedure, outside this Article, which state law may provide." The plaintiffs resorted to replevin. We therefore discern no error.

## III.

Defendants finally assert that the trial court erred in dismissing their counterclaims with prejudice. Again, we disagree.

Defendants failed to present any evidence in support of their counterclaims. Consequently, the trial court's dismissal with prejudice was appropriate.

## IV.

Plaintiffs contend that this appeal is groundless and frivolous and seek an award of attorney fees incurred. We agree and award such attorney fees.

Defendants were specifically ordered by this court to supplement their arguments, in writing, on the issue of attorney fees on appeal to be awarded under § 13–17–101, C.R.S. (1987 Repl.Vol. 6A). Citing C.A.R. 1 and § 13–4–102, C.R.S. (1987 Repl.Vol. 6A), defendants responded that their appeal was not frivolous or groundless because they were appealing a final order as a matter of right. Defendants further asserted that the trial court failed to "question witnesses to develop the truth to ensure defendants received a fair trial." In addition, defendants contended that, since plaintiffs argue legal authority in their answer brief, defendants' legal position could not have been frivolous or groundless. As we have noted above, the trial court has no obligation to act as a non-appearing party's advocate, and defendants' other contentions are, in themselves, frivolous.

The judgment is affirmed. The cause is remanded to the trial court for determination of attorney fees attributed to collection of payments under the note, incurred by plaintiffs on appeal. Further, the trial court shall determine the reasonable and necessary attorney fees expended by plaintiffs on this frivolous appeal and allocate the obligation for the payment of such award between the defendants and their attorney as appropriate.

STERNBERG, C.J., and DAVIDSON, J., concur.