Deborah Garcia MACKALL, d/b/a
Western Water Blasting,
Plaintiff–Appellee,

v.

JALISCO INTERNATIONAL, INC.,
a Colorado corporation,
Defendant–Appellant.

No. 00CA0368.

Colorado Court of Appeals,
Div. IV.

June 7, 2001.

Law Office of John Grow, P.C., John B. Grow, III, Denver, CO, for Plaintiff–Appellee.

Peterson Diamond Reagor, LLP, David D. Schlachter, Heather F. Shore, Denver, CO, for Defendant–Appellant.

Opinion by Judge KAPELKE.

In this action arising from a construction contract, defendant, Jalisco International, Inc., appeals from the trial court's order awarding costs to plaintiff, Deborah Garcia Mackall, d/b/a Western Water Blasting. We affirm.

In her complaint, plaintiff asserted claims against defendant for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, willful breach of contract, misrepresentation, *quantum meruit,* tortious interference with prospective economic relations, and defamation.

In its counterclaim, defendant asserted six separate claims against plaintiff.

Before trial, the court entered summary judgment in favor of defendant on plaintiff's defamation claim, and plaintiff voluntarily dismissed her claims for breach of implied covenant, promissory estoppel, and *quantum meruit.*

At the close of plaintiff's case-in-chief, the court granted defendant's motion for a directed verdict on plaintiff's claims for fraud and tortious interference with contractual relations. Plaintiff's two remaining claims, for breach of contract and willful breach of contract, were submitted to the jury, which awarded damages on the breach of contract claim. Defendant did not prevail on any of its counterclaims.

Following trial, both plaintiff and defendant sought an award of costs, and each objected to the other's request. Finding that plaintiff was the prevailing party, the court awarded her costs and denied defendant's request. This appeal followed.

I.

Defendant first contends that the trial court erred in determining that plaintiff was the only prevailing party for purposes of awarding costs. We disagree.

The court based its fee award on § 13–16–104, C.R.S.2000, and C.R.C.P. 54(d). Section 13–16–104 provides that any person who sues and recovers damages is entitled to recover costs from the defendant.

C.R.C.P. 54(d) provides in relevant part:

Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

The number of claims upon which a party prevails and the amount awarded for such claims are not determinative of who is the prevailing party for purposes of awarding costs. *Grynberg v. Agri Tech, Inc.,* 985 P.2d 59 (Colo.App.1999), *aff'd,* 10 P.3d 1267 (Colo.

2000). Rather, the prevailing party is the one that has succeeded on a significant issue and has achieved some of the benefits sought in the lawsuit. *In re Water Rights of Board of County Commissioners*, 891 P.2d 981 (Colo.1995); *Lobato v. Taylor*, 13 P.3d 821 (Colo.App.2000)(*cert. granted* Dec. 4, 2000).

In arguing that plaintiff was not the only prevailing party, defendant asserts that it prevailed on all of plaintiff's claims except the breach of contract claim. We reject the argument.

■ Where, as here, a claim exists for breach of a contractual obligation, the prevailing party for cost award purposes is the one in whose favor the decision or verdict on liability is rendered. *See Weeks v. City of Colorado Springs*, 928 P.2d 1346 (Colo.App.1996)(relying on the test adopted in *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326 (Colo.1994), for determining prevailing party in contractual disputes). Thus, because plaintiff received a favorable verdict on her contract claim, the trial court did not abuse its discretion in determining that she was the prevailing party.

■ Further, even if each of the parties can arguably be viewed as having prevailed in part, the award of costs in such a situation is committed to the sole discretion of the trial court. *Lobato v. Taylor, supra; Husband v. Colorado Mountain Cellars, Inc.*, 867 P.2d 57 (Colo.App.1993). Given the fact that plaintiff prevailed on her contract claim for damages, and also successfully defended against all of the counterclaims, we find no abuse of discretion in the award to her.

Similarly, and contrary to defendant's related contention, because the trial court properly determined that plaintiff was the prevailing party, it did not abuse its discretion in denying defendant any award of costs as to the claims against which it successfully defended.

## II.

■ Defendant next contends that the trial court abused its discretion by awarding plaintiff expert witness fees that related to claims on which she did not succeed. Again, we disagree.

In construing C.R.C.P. 54(d), the supreme court has held that unless there is a statute or rule that specifically prohibits an award of costs, trial courts may exercise their discretion to award any reasonable costs to a prevailing party. *Rossmiller v. Romero*, 625 P.2d 1029 (Colo.1981); *see Roget v. Grand Pontiac, Inc.*, 5 P.3d 341 (Colo.App.1999).

■ Generally, when costs are necessarily incurred by reason of the litigation and for the proper preparation for trial, they may be awarded to the prevailing party. *Fowler Irrevocable Trust 1992–1 v. City of Boulder*, 992 P.2d 1188 (Colo.App.1999) *aff'd in part and rev'd in part*, 17 P.3d 797 (Colo.2001); *see also Roget v. Grand Pontiac, Inc., supra.*

Defendant argues that plaintiff was not entitled to recover fees for an expert witness who was retained solely in connection with the calculation of damages on plaintiff's tortious interference claim, which the court ultimately dismissed by directed verdict at trial.

However, defendant has cited no Colorado case law, and we have found none, that so limits a trial court's discretion as to restrict recovery of costs to the specific claims on which a party prevailed. Rather, the trial court has broad discretion to determine the costs reasonably necessary for the proper preparation for trial. Here, the trial court found that the expert's fees were reasonable and necessary. Under the circumstances, we find no abuse of discretion.

## III.

■ Finally, defendant contends that the trial court erred by awarding plaintiff the costs of computerized legal research without finding that the costs met the three requirements outlined in *Roget v. Grand Pontiac, Inc., supra.* Again, we disagree.

■ Generally, when computerized legal research expenses are not commingled with other costs of conducting business or costs of litigation, they may be recovered as costs. However, a party seeking to recover computerized legal research costs must show that: 1) the client was billed for computerized legal research expenses separate from attorney fees; 2) the computerized legal research was necessary for trial preparation; and 3) the

requested costs are reasonable. *Roget v. Grand Pontiac, Inc., supra.*

Here, in awarding plaintiff costs for computerized legal research, the trial court stated:

> Inasmuch as the computerized legal research was conducted and billed as a separate item to plaintiff, the Court finds that it is a proper item of costs. This billing was separate from attorney fees. Further, considering the issues presented, the Court finds that the research was necessary for trial preparation. Finally, the costs thereof were reasonable.

Thus, the trial court expressly found that all three of the requirements had been met. Accordingly, it did not abuse its discretion in awarding plaintiff her computerized legal research costs.

Order affirmed.

DAVIDSON and RULAND, JJ., concur.