William T. VALENTINE, Sharon A. Valentine, and Valentine Digital, Inc., Plaintiff–Appellants,

v.

**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Defendant–Appellee.**

No. 09CA1767.

Colorado Court of Appeals, Div. III.

Jan. 6, 2011.

Roberts Levin Rosenberg, P.C., Thomas L. Roberts, Alexa R. Salg, Denver, Colorado, for Plaintiff–Appellants.

Zupkus & Angell, P.C., Robert A. Zupkus, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge J. JONES.

Plaintiffs, William T. Valentine, Sharon A. Valentine, and Valentine Digital, Inc. (collectively, the Valentines), appeal the district court's order awarding costs to defendant, Mountain States Mutual Casualty Company (Mountain States). We affirm in part, vacate in part, reverse in part, and remand for additional findings.

## I. Background

In a foreclosure action in which the Valentines and Mountain States were named defendants, the Valentines cross-claimed against Mountain States for breach of contract and bad faith breach of an insurance contract. The Valentines sought millions of dollars in damages, primarily resulting from claimed loss of business. The case was hotly contested, with considerable discovery and numerous pretrial motions and hearings. Following a jury trial, the district court entered judgment against the Valentines. A division of this court affirmed the judgment on appeal. *Valentine v. Mountain States Mutual Casualty Co.*, Colo.App., No. 08CA1967, 2009 WL 3775086 (Nov. 12, 2009) (not published pursuant to C.A.R. 35(f)).

While the appeal was pending, Mountain States filed a bill of costs requesting over $350,000 in costs it had incurred defending against the Valentines' claims. Following a hearing, the district court rejected Mountain States' request for the cost of a private court reporter, $26,754.98, but otherwise allowed its bill of costs. The court entered judgment for $324,798.62, plus all future costs incurred in collecting the award. The Valentines appeal, raising numerous contentions.

## II. C.A.R. Noncompliance

We note at the outset that the Valentines' opening brief and Mountain States' answer brief do not comply fully with C.A.R. 28 and 32.

The Valentines' certificate of compliance appears in the appendix, not immediately behind the caption page as required by C.A.R. 32(f). And, despite certifying that the brief complies with C.A.R. 28(k), the Valentines do not cite, in a separate heading preceding the discussion of each issue, where in the record they preserved that issue for appeal. When a party does not point us to where an issue was raised and resolved, he "place[s] the burden of searching records on us"—a search we are not required to undertake. *O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo.App.2010). Nonetheless, we elect to address the Valentines' contentions to the extent they were raised in the district court.

Mountain States' answer brief employs a font for its table of cases and footnotes that is too small. *See* C.A.R. 32(a)(1). Also, although Mountain States argues that several of the Valentines' arguments were not preserved for review, the brief fails to provide separately, before each issue, a statement as to whether Mountain States agrees that the issue was or was not preserved. *See* C.A.R. 28(k).

We remind counsel of their obligation to comply with this court's appellate rules. These rules are "not mere technicalities, but facilitate our appellate review." *In re Marriage of Parr*, 240 P.3d 509, 513 (Colo. App.2010).

## III. Discussion

A prevailing defendant may recover the reasonable and necessary costs it in-

curred in defending litigation. *See* § 13–16–105, C.R.S.2010; *Crandall v. City & County of Denver*, 238 P.3d 659, 662 n. 2 (Colo.2010); *Wark v. McClellan*, 68 P.3d 574, 582 (Colo. App.2003). Absent a prohibition in a statute or rule, the district court has considerable discretion in determining whether to award costs and what amount to award. *Wark*, 68 P.3d at 582; *see Farmers Reservoir & Irrigation Co. v. City of Golden*, 113 P.3d 119, 129 (Colo.2005). We will reverse a district court's award of costs only upon a showing that it clearly abused its discretion by acting in a manner that was manifestly arbitrary, unreasonable, or unfair. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 229 (Colo.2004); *Morris v. Belfor USA Group, Inc.*, 201 P.3d 1253, 1261 (Colo.App.2008).[1]

## A. Discovery Deposition Transcript Expenses

The Valentines first contend that the district court abused its discretion by awarding all of Mountain States' requested costs for transcripts of discovery depositions, $27,157.98, because (1) Mountain States submitted no evidence supporting the reasonableness or necessity of these expenses; and (2) the number of transcripts for which Mountain States sought reimbursement, forty-three, exceeded the actual number of discovery depositions. We are not persuaded.

■ A court may award the reasonable costs incurred for the transcript of a discovery deposition where "the taking of the deposition and its general content were reasonably necessary for the development of the case in light of facts known to counsel at the time it was taken." *Cherry Creek School Dist. No. 5 v. Voelker*, 859 P.2d 805, 813 (Colo.1993); *accord Wark*, 68 P.3d at 583.

The burden is on the requesting party to provide "sufficient information and supporting documentation to allow [the court] to make a reasoned decision for each cost item presented." *City of Aurora*, 105 P.3d at 627; *see also Brody v. Hellman*, 167 P.3d 192, 206 (Colo.App.2007).

■ Here, Mountain States hired an attorney, Gregory R. Giometti, to assess the reasonableness of the costs. Mr. Giometti's report, which Mountain States provided to the court, explained why the depositions were reasonably necessary under the *Cherry Creek* standard as to each of the individuals deposed.[2] The Valentines submitted no rebuttal evidence. Therefore, we conclude that the district court had sufficient evidence to make a reasoned decision about the reasonable necessity of the depositions, and did not abuse its discretion in awarding the transcript costs.[3] *Cf. GF Gaming Corp. v. Taylor*, 205 P.3d 523, 526 (Colo.App.2009) (affirming the district court's award of expert witness costs where the party requesting costs testified as to their reasonableness and the opposing party presented no evidence on the issue); *see also Roussell v. Brinker Int'l, Inc.*, 2010 WL 1881898, *7 n. 5, 13 (S.D.Tex. 2010) (awarding deposition transcript expenses where the requesting party identified the specific deposition expenses sought and averred as to how it used the depositions to advance its arguments in the litigation).

Similarly, as to the number of transcripts, Mountain States provided a list identifying each deposition for which a transcript was obtained and accompanying invoices for the transcript expenses. The Valentines did not identify which of these expenses were inappropriate. Consequently, we will not address their argument concerning the number

---

1. To the extent the Valentines contend that the district court abused its discretion merely by ordering so large an award, we note that the size of the award is insufficient, standing alone, to show an abuse of discretion. *See City of Aurora v. Colo. State Engineer*, 105 P.3d 595, 605, 628 (Colo.2005) (affirming the district court's award of $2.5 million in costs).

2. Mr. Giometti also testified at the costs hearing, but neither Mountain States nor the Valentines questioned him about the issue of discovery deposition transcript expenses.

3. We do not address the Valentines' contention that under section 13–16–122(1)(d), C.R.S.2010, Mountain States was required to prove exactly how each transcript was actually used in the case because the Valentines first raised this argument in their reply brief. *People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo.1990); *Barrett v. Inv. Mgmt. Consultants, Ltd.*, 190 P.3d 800, 805 (Colo. App.2008).

of transcripts. *See Westrac, Inc. v. Walker Field,* 812 P.2d 714, 718 (Colo.App.1991) (declining to review a denial of attorney fees where the party did not identify specifically how the district court erred or supply any supporting grounds, facts, or authorities).

## B. Witness Expenses

The district court awarded all of Mountain States' requested expert witness costs, $178,343.83, and lay witness costs, $182.84. The Valentines contend the district court abused its discretion because (1) the court awarded the costs for more than four witnesses without certifying that more than four witnesses were necessary as required by section 13–16–112, C.R.S.2010; (2) the court impermissibly awarded the travel expenses of one of Mountain States' experts, Dr. Peter Kensicki, who testified regarding insurance industry standards; (3) Mountain States submitted insufficient evidence to support the reasonableness or necessity of Dr. Kensicki's fees or the post-deposition fees of its other expert, Melinda Harper, who investigated the Valentines' claimed business losses; and (4) the court failed to make sufficient findings on the reasonableness and necessity of Dr. Kensicki's and Ms. Harper's fees. We address and reject each of these contentions in turn.

■■■■ A prevailing party may recover its reasonable and necessarily incurred witness costs. *See* § 13–16–122(1)(e), C.R.S. 2010; *Mgmt. Specialists, Inc. v. Northfield Ins. Co.,* 117 P.3d 32, 39 (Colo.App.2004); *Bainbridge, Inc. v. Douglas County Bd. of Comm'rs,* 55 P.3d 271, 274 (Colo.App.2002). Such costs may include those associated with witnesses who do not testify at trial. *Mgmt. Specialists,* 117 P.3d at 39. The determinations whether particular witness costs are reasonable and were necessarily incurred are within the district court's discretion. *Id.; Bainbridge, Inc.,* 55 P.3d at 274.

### 1. Witness Certification

Section 13–16–112 prohibits the district court from awarding "the fees of more than four witnesses ... unless the court certifies on its minutes that more than four witnesses were really necessary, in which case the clerk shall tax the costs of as many witnesses as the court so certifies."

■■■■ In the district court, Mountain States submitted evidence concerning the necessity of all the witnesses for whom it sought costs. The Valentines challenged only the fees of Mountain States' two expert witnesses. They did not raise section 13–16–112, nor did they raise any other objection to the costs relating to the other witnesses. Therefore, they waived the argument that the court failed to comply with section 13–16–122, and we will not consider it. *See Berra v. Springer & Steinberg, P.C.,* 251 P.3d 567, 570 (Colo.App.2010) (to preserve an issue for appeal, the issue must be brought to the district court's attention and the court must be given the opportunity to rule on it); *Harris Group, Inc. v. Robinson,* 209 P.3d 1188, 1200–01 (Colo.App.2009) (because the parties had the opportunity to bring an alleged defect in jury instructions to the district court's attention after the instructions were given and before the jury returned its verdict, the issue was waived on appeal).[4]

### 2. Expert Witness Travel Expenses

■■■■ We also conclude that the Valentines waived their argument concerning Dr. Kensicki's travel fees because they did not raise it in the district court. *See GF Gaming Corp.,* 205 P.3d at 528 (declining to review a challenge to the reasonableness or necessity of certain expert fees because the challenge was not raised before the district court);

---

**4.** The Valentines incorrectly assert that all of their arguments are properly before us because they "generally challeng[ed] the reasonableness of the entire cost amount sought by Mountain States" below. A party's mere opposition to its adversary's request, however, does not preserve all potential avenues for relief on appeal. We review only the specific arguments a party pursued before the district court. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832

P.2d 718, 721 n. 5 (Colo.1992) (the district court must be afforded the opportunity to consider and rule on a party's argument); *Continental Western Ins. Co. v. Heritage Estates Mut. Housing Ass'n, Inc.,* 77 P.3d 911, 915 (Colo.App.2003) ("[A] party should present at one time all grounds justifying the relief it requests. And a ground not raised in the trial court generally will not be reviewed on appeal." (citation omitted)).

*Donelson v. Fritz,* 70 P.3d 539, 546–47 (Colo. App.2002) (because the plaintiff did not object to a cost award in the district court for the reasons raised on appeal, its argument was not preserved for review).

### 3. Sufficiency of the Evidence

The Valentines next challenge the sufficiency of the evidence Mountain States offered to show the reasonableness and necessity of its experts' fees.

■ The Valentines contend the generalized descriptions of services in Dr. Kensicki's bills were insufficient to justify an award of his fees. At the hearing, however, the Valentines' counsel focused on whether it was reasonable and necessary for Dr. Kensicki to incur fees after he had prepared his report and been deposed, not on the generalized description of his fees. Nonetheless, we perceive no abuse of discretion.

The bills Dr. Kensicki submitted to Mountain States simply listed his fees as being "for research services" or other similarly generic purposes. However, Mr. Giometti obtained a more detailed breakdown of the fees from Dr. Kensicki, which he listed in his report. Based on this breakdown, Mr. Giometti concluded that the fees were reasonable and necessary.

We conclude that this evidence was sufficient to allow the court to make a reasoned decision whether Dr. Kensicki's costs were reasonable and necessary. *See Am. Water Dev., Inc. v. City of Alamosa,* 874 P.2d 352, 389–90 (Colo.1994) (affirming an award of costs where a party provided billing statements and testimony about the nature and purpose of the services for which the witness fees were incurred); *GF Gaming Corp.,* 205 P.3d at 526, 528 (no abuse of discretion where the district court credited the requesting party's testimony about the reasonableness and necessity of its expert's fees and the opposing party did not present rebuttal evidence but only cross-examined the requesting party's witnesses); *see also Citizens Against Pollution v. Ohio Power Co.,* 484 F.Supp.2d 800, 814 (S.D.Ohio 2007) (awarding expert witness fees because the billing contained "sufficient detail, when read in con-text, to enable the Court to determine that [the expert] reasonably spent her time in pursuit of Plaintiff's interests"); *cf. Am. Water Dev.,* 874 P.2d at 383 (with respect to attorney fees, an attorney need not "'record in great detail how each minute of his time was expended'"; he need only "'identify the general subject matter of his time expenditures'" (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))).

The Valentines also contend that because some courts have held that an award of travel expenses incurred by a witness may be unreasonable, the district court here erred in awarding such fees for Dr. Kensicki. But the cases do not hold that such an award is per se unreasonable, only that a district court has discretion to conclude that such an award is unreasonable. The Valentines here make no argument as to why an award of Dr. Kensicki's travel expenses was, under the facts of the case, unreasonable. Therefore, we perceive no basis for concluding that the district court abused its discretion in awarding such expenses. *See Catlin v. Tormey Bewley Corp.,* 219 P.3d 407, 415–16 (Colo. App.2009) (holding that a witness's reasonable travel expenses may be awarded as costs).

We also conclude that Mountain States offered sufficient evidence to show the reasonableness and necessity of Ms. Harper's post-deposition fees. It first submitted the bills detailing the work she undertook. The Valentines challenged the fees she incurred after she authored her report and was deposed, emphasizing the amount of her fees relative to that of their own, similarly qualified expert. In response, Ms. Harper testified that she had prepared three reports, not one, had spent a considerable amount of time investigating potential fraud, and described the numerous tasks she had undertaken after she was deposed. Mr. Giometti also testified that he believed her post-deposition fees were reasonable and necessary. The Valentines did not present any rebuttal evidence. *Cf. Farmers Reservoir,* 113 P.3d at 129–30 (a party offered sufficient evidence where it submitted detailed invoices and testimony supporting the reasonableness of the costs);

*City of Aurora,* 105 P.3d at 627–28 (the district court did not abuse its discretion where the requesting party presented invoices, other itemized documents, and testimony about its costs).

### 4. Sufficiency of the District Court's Findings

We are likewise unpersuaded by the Valentines' contention that the district court failed to make sufficient findings as to the reasonableness and necessity of Dr. Kensicki's and Ms. Harper's fees.

■ A court's findings must be sufficient "to disclose the basis for its decision to award costs and to support the amount awarded." *Madison Capital Co., LLC v. Star Acquisition VIII,* 214 P.3d 557, 561 (Colo.App.2009); *see also Novell v. Am. Guarantee & Liab. Ins. Co.,* 15 P.3d 775, 780 (Colo.App.1999) (findings must be sufficient to permit the appellate court "to understand and review the order awarding costs").

■ In reviewing Dr. Kensicki's fees, the district court found that, aside from one double overcharge, his fees "were necessary and appropriate to allow the Defense to properly prepare for trial...." Because we can infer from the record that the court relied on Mountain States' evidence concerning Dr. Kensicki's costs, we conclude that the court's finding was sufficient. *See Foster v. Phillips,* 6 P.3d 791, 796 (Colo.App.1999) ("[T]he trial court must make sufficient findings so that, when considered together with the record, [the reviewing] court can determine the basis for an award of costs."); *cf. Federal Ins. Co. v. Ferrellgas, Inc.,* 961 P.2d 511, 515 (Colo.App.1997) (the district court abused its discretion by "conclud[ing] without discussion" that the costs were reasonable and necessary, although the requesting party did not offer any documentation to show the costs had been incurred or that the costs were reasonable or necessary).

Regarding Ms. Harper's fees, the court found:

Ms. Harper spent an enormous amount of time in preparation of trial in doing not only the kinds of evaluations that accountants would do to determine businesses['] worth, but also the forensic work delving into the possibility of—of fraud. This took considerable time and the Court does not find in the context of this case that her charges were—were excessive.

Although the court did not use the words "reasonable" or "necessary," because its findings reflect that it credited Ms. Harper's testimony about her post-deposition work, we conclude that the court did not abuse its discretion in awarding costs for her work. *See Madison Capital Co.,* 214 P.3d at 561; *Novell,* 15 P.3d at 780; *see also GF Gaming Corp.,* 205 P.3d at 527 (affirming an award of expert witness fees where the court credited the requesting party's unrebutted testimony).

### C. Computerized Research Expenses

■ To recover computerized legal research expenses, a party must show that "(1) the client was billed for ... computerized legal research expenses separate from attorney fees; (2) the computerized legal research was necessary for trial preparation; and (3) the requested costs were reasonable." *Morris,* 201 P.3d at 1264; *see also Roget v. Grand Pontiac, Inc.,* 5 P.3d 341, 349 (Colo. App.1999). The Valentines contend that the district court abused its discretion in awarding Mountain States' computerized research expenses because (1) Mountain States failed to prove the first part of the test by submitting Westlaw invoices that did not reflect actual Westlaw charges[5]; and (2) the court failed to make factual findings detailing whether or how Mountain States satisfied each part of the test. We are not persuaded.

■ The Valentines did not raise the first contention below, and therefore we will not address it. *See GF Gaming Corp.,* 205 P.3d at 528; *Donelson,* 70 P.3d at 546–47. As to their second contention, Mr. Giometti concluded that the expenses were reasonable and necessarily incurred based on the

---

**5.** The Valentines argue that Westlaw in fact billed Mountain States a flat rate every month, and that the charges shown on the invoices, which appeared to have been calculated based on hourly and database rates, therefore did not reflect Mountain States' actual out-of-pocket expenses.

amount of research time charged and its timing relative to the motions being pursued. Neither party addressed the issue of research expenses at the hearing.

■ The district court found that "[c]omputerized legal research ... we have the benefit of that ... advantage these days electronically. That does save time over—over all. Court will agree and find that the $8,758.15 is necessary and appropriate." We conclude that, under these circumstances, this finding was sufficient to address the second and third parts of the test. *See GF Gaming Corp.*, 205 P.3d at 526 (the district court did not abuse its discretion by crediting counsel's testimony that the research was conducted for the purpose of motions and was therefore reasonable); *see also Novell*, 15 P.3d at 780 (the district court's finding that its award represented what was "reasonably necessary for the development of plaintiff's case" disclosed the basis of its award and therefore was not an abuse of discretion).

Further, although the court made no finding on the first part of the test, because Mr. Giometti testified that he understood that Mountain States' counsel paid for and separately charged their legal research on a per minute basis, and the Valentines presented no rebuttal evidence on the point, we conclude that the district court's failure to find expressly that Mountain States' counsel billed their computerized research expenses separately from their attorney fees was harmless.[6] *See Foster*, 6 P.3d at 796 ("[W]hile it is the better practice to make express findings, they may be implicit in a court's ruling. When the ruling, in the context of the record, is sufficient to determine

its basis, and the record is sufficient to support the award, a failure to make express findings does not require reversal." (citation omitted)); *see also In re Marriage of Bernardoni*, 731 P.2d 146, 148 (Colo.App.1986) (where the district court conducted a hearing about attorney fees and had supporting documentation for these fees before it, it impliedly found the fees to be reasonable); *cf. Cintas Corp. v. Perry*, 494 F.Supp.2d 907, 909 (N.D.Ill.2007) (for an award of computerized research fees, the requesting party should provide "an invoice or at least an affidavit from an attorney describing ... the research conducted and how these costs were incurred"), *aff'd*, 517 F.3d 459 (7th Cir.2008). Therefore, we also conclude that the district court did not abuse its discretion in awarding Mountain States' computerized legal research expenses.

### D. Photocopy Expenses

■ The Valentines contend that the district court abused its discretion in awarding all of Mountain States' requested in-house photocopying expenses, totaling $22,991.40, because (1) Mountain States did not submit evidence showing that the 20¢ per page its counsel charged was the actual cost of the photocopies to the law firm; (2) Mountain States did not prove that the 20¢ charge was reasonable and necessary; and (3) it was unreasonable for Mountain States' counsel to undertake large photocopying jobs in-house rather than outsourcing them at a reduced cost. We agree with the Valentines' third assertion.

A court may award a party's reasonably incurred costs for photocopies "necessarily obtained for use in the case." § 13–16–

---

**6.** We are troubled that Mountain States did not submit any bills detailing the per minute charges. Absent such bills, it is difficult to differentiate per minute charges from flat fee charges, which are generally commingled with other business or litigation costs and hence unrecoverable overhead. *See Roget*, 5 P.3d at 348–49 (creating the first part of the three-part research costs test to address the commingling of expenses); *see also Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258–59 (9th Cir.2006) (research expenses may be awarded if the prevailing practice in the community is to separately bill these expenses); *InvesSys, Inc. v. McGraw–Hill Cos., Ltd.*, 369 F.3d 16, 22–23 (1st Cir.2004) (computerized research expenses are reimbursable where "the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement"); *Madison Capital Co.*, 214 P.3d at 562 ("So long as costs are incurred solely for the litigation in question and are not commingled with any of the general costs of doing business or the costs of other litigation or client matters, they cannot properly be termed overhead and may be included as costs.").

122(1)(f); *see Am. Water Dev.,* 874 P.2d at 390 & n. 50; *Brody,* 167 P.3d at 206.

The Valentines did not raise their first and second arguments below, and therefore we will not address them. *See Donelson,* 70 P.3d at 546–47.

As to their third argument, Mountain States offered no evidence supporting the reasonableness or necessity of making such a large number of photocopies in-house. And there was evidence that outside vendors charged Mountain States only 5.5¢ per page, on average. Consequently, we are unable to discern the basis for the court's award of all the in-house photocopying costs. *See Foster,* 6 P.3d at 796; *see also Stranski v. Homer Twp. Highway Dep't,* 2010 WL 3824102, *3–4 (N.D.Ill.2010) (although a party is " 'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs,' " the party should at least explain the nature of the documents copied and why they were necessary (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir.1991))). Therefore, we conclude that the district court abused its discretion in awarding the full in-house photocopying expenses, and we reverse that portion of its award. *See Madison Capital Co.,* 214 P.3d at 561 ("Where . . . a party opposes the award of costs, the court should make findings sufficient to disclose the basis for its decision to award costs and to support the amount awarded."). We remand the case for the court to recalculate the award for in-house photocopies using the 5.5¢ per page rate (which the Valentines have not challenged).

### E.   Special Master Expenses

■ The Valentines contend that the district court abused its discretion in awarding all of the costs billed by the mediator, $2,025.00, and the special master, $11,673.37, because (1) mediation fees must be specifically authorized by contract or statute to be awardable as costs; (2) the award contravened Mountain States' agreement to pay half of the mediator's and special master's fees and all of the fees the special master incurred at out-of-state depositions; and (3) the court failed to make sufficient findings as to the reasonableness of the mediator's fees and the equity of imposing Mountain States' share of the fees on the Valentines. We agree with the Valentines' second contention.

The Valentines contend that Mountain States' agreement to pay half of the mediator's and special master's fees, and all of the special master's out-of-state deposition fees, precluded the court from awarding these fees as costs. Mountain States apparently does not contest the existence of this agreement. Nor does it contend that it reserved the right to seek recovery of the fees it had agreed to pay. Thus, the district court abused its discretion in awarding these fees as costs. *See Parker v. USAA,* 216 P.3d 7, 14–15 (Colo. App.2007) (where the parties orally agreed to split the expenses of a transcript and allow the prevailing party to later recover these expenses as costs, the district court abused its discretion when it refused to award the costs), *aff'd,* 200 P.3d 350 (Colo.2009); *Robinson v. Colo. State Lottery Div.,* 155 P.3d 409, 415 (Colo.App.2006) (although the district court had earlier ordered the costs of a special master to be split equally between the parties, it properly awarded all of the costs to the prevailing party because, in its initial order, it had expressly reserved ruling on the ultimate responsibility for the costs at the case's conclusion), *aff'd in part and rev'd in part on other grounds,* 179 P.3d 998 (Colo. 2008); *see also Schmidt v. Colonial Terrace Assocs.,* 215 Mont. 62, 694 P.2d 1340, 1346 (1985) (where the parties agree to share a special master's costs equally, the district court should honor that agreement).

We also observe that the order directing Mountain States to pay all of the special master's fees for out-of-state depositions provided:

> The principal concern leading the Special Master to call this conference was the additional expense the attendance of the Special Master at the depositions would impose upon the Plaintiffs. The Defendant has agreed to pay all fees and costs of the Special Master in attending the depositions. Therefore, that concern has been remedied.

Where, as here, it appears that a special master's fees would not have been incurred but for one party's agreement to assume the entirety of the fee, that party has impliedly assumed responsibility for that fee for all time, and the court may not later award it as a cost. *Cf. Aird v. Ford Motor Co.*, 86 F.3d 216, 221–22 (D.C.Cir.1996) (a later award was permissible where the initial allocation merely stated that the fees would be "paid 50% by plaintiffs and 50% by defendants").

### F. Counsel's Travel Expenses

The district court's award included several categories of Mountain States' counsel's travel expenses: $1,595.41 for mileage; $8,724.13 for air travel[7]; $15,188.48 for hotel expenses for pretrial matters and trial[8]; and $1,334.72 for meals.[9] We conclude that the district court abused its discretion in awarding the mileage and meal expenses, but otherwise affirm the award of these costs.

### 1. Mileage

The Valentines contend that the court abused its discretion in awarding counsel's mileage expenses because (1) Mountain States failed to demonstrate the reasonableness or necessity of its mileage charges; and (2) the court failed to make sufficient findings to support the award. Because we agree with the Valentines' first argument, we do not address their second.

■■■ Mountain States' proof of mileage consisted of a list showing each expense's date; the person by whom it was incurred; the amount; and an explanation for the expense that often noted only the destination, not the purpose, of the trip.[10] It did not disclose the rate at which mileage was charged or the distance travelled. Nor did Mountain States supply any supporting invoices or documentation. Because of these defects, we conclude that Mountain States did not provide the court with "sufficient

information and supporting documentation to allow [the court] to make a reasoned decision for each cost item presented." *City of Aurora*, 105 P.3d at 627 (the district court could make a reasoned decision where the party submitted either supporting documentation or testimony for each item requested); *Moore v. Western Forge Corp.*, 192 P.3d 427, 440 (Colo.App.2007) (the district court abused its discretion in awarding an expert's costs where the party submitted only a bill totaling the amounts incurred without supporting documentation); *see also Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, *14 (S.D.Fla.) (magistrate's report) (the court could not assess the mileage's reasonableness where the receipt "lack[ed] any detailed information as to the date of travel, distance traveled, or reason for travel"), *adopted*, 2010 WL 4102933 (S.D.Fla. 2010); *Ewing v. U.S. Marshals Serv.*, 2010 WL 1945667, *2 (E.D.Mo.2010) (mileage was not adequately documented where the court could not ascertain the reason for the travel or the mileage rate).

Consequently, we conclude that the district court abused its discretion in awarding the mileage costs, and vacate that portion of its award.

### 2. Air Travel

Mountain States requested, and the district court awarded, airfare Mountain States' counsel incurred in travelling to depositions and in meeting with experts and clients. The Valentines contend that counsel's airfare may not be awarded as costs.

The Valentines cite two Colorado cases that hold that airfare counsel incurs in taking depositions may be awarded as costs only upon a showing of "unnecessary inconvenience, expense, or hardship." *Orth v. Bauer*, 163 Colo. 136, 143, 429 P.2d 279, 283 (1967); *see Berrey v. White Wing Servs., Inc.*, 44 Colo.App. 506, 509, 619 P.2d 82, 85 (1980)

---

7. The Valentines incorrectly assert that the award for counsel's airfare was only $3,557.02.

8. Mountain States' counsel was Denver-based. The case was litigated in Colorado Springs.

9. We do not address the court's award of costs of Mountain States' counsel's parking and gasoline

expenses because the Valentines do not contest them; they merely note them as part of the court's award.

10. Mr. Giometti's report made only a conclusory statement that the mileage expenses were reasonable and necessarily incurred.

(where the party did not offer any evidence showing that it could not have employed counsel in the state where the deposition took place, there was no showing of an unnecessary inconvenience, expense, or hardship). Those cases, however, were decided prior to the enactment of section 13–16–122. The supreme court has since held that travel expenses counsel incurs in taking out-of-state discovery depositions may be awardable as discovery deposition costs. *Cherry Creek School Dist.,* 859 P.2d at 808, 813 (affirming the district court's award of travel expenses counsel incurred in taking an out-of-state discovery deposition).

■ Here, the district court found that the costs for out-of-state depositions were reasonable and necessarily incurred. We conclude that the district court did not abuse its discretion in awarding Mountain States' counsel's deposition-related airfare.

■ Similarly, although section 13–16–122 does not list travel expenses counsel incurs in meeting with experts and clients as permissible costs, these costs may be awarded so long as the requesting party proves that the expenses were reasonable and necessarily incurred. *See id.* at 813 (the list of costs in section 13–16–122 is illustrative and, " '[i]n general, absent a specific prohibition, the trial court has discretion over the awarding of costs' " (quoting *Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936, 940 (Colo.1993))). Because the Valentines do not challenge the reasonableness or necessity of the airfare, but only the award itself, we conclude that the district court did not abuse its discretion in awarding these costs.

### 3. Hotel Expenses

■ The Valentines challenge the award of hotel expenses on the grounds that (1) Mountain States failed to prove the reasonableness of the cost per night for the hotel its counsel used during trial; (2) the district court failed to make sufficient findings on the reasonableness of counsel's pretrial and trial hotel expenses; (3) the district court failed to make sufficient findings as to the reasonableness or necessity of hiring Denver counsel for a trial that occurred in Colorado Springs; and (4) alternatively, the court failed to make

sufficient findings that it was reasonable or necessary for Denver-based counsel to stay overnight in Colorado Springs during the trial.

In the district court, the Valentines argued only that (1) hotel expenses that counsel incur are not recoverable as costs as a matter of law; and (2) alternatively, it was unreasonable or unnecessary to pay for expenses Denver counsel incurred in Colorado Springs. Therefore, because they did not preserve their first three contentions for review, we will not address them. *See Donelson,* 70 P.3d at 546–47.

■ As to the Valentines' fourth contention, Mountain States submitted evidence detailing the burden that would have been imposed on its attorneys' trial preparation had they been forced to commute from Denver to Colorado Springs. The court found:

> [I]t was necessary and appropriate to have Counsel in Colorado Springs rather than burning more than an hour each way coming back and forth to Denver during as hotly contested a trial as we had. Certainly no one can imagine a hotly contested trial where counsels simply leave for the day at 5:00 or whenever ... and went on about their private lives.... Counsel typically are reviewing the day and preparing for the next.

This finding shows that the court rejected the Valentines' argument in favor of Mountain States' evidence. *Madison Capital Co.,* 214 P.3d at 561 (no abuse of discretion where the record supported the district court's conclusion that travel expenses for out-of-town counsel were reasonable and necessary); *Novell,* 15 P.3d at 780 (a district court's findings are sufficient where an appellate court can understand and review them). Therefore, we will not disturb the award.

### 4. Meals

Finally, the Valentines assert that counsel's meal expenses may not be awarded as costs. We agree.

We recognize that a division of this court has concluded that "the cost of meals incurred as part of necessary travel expenses

may be awarded, so long as the cost is demonstrated to be reasonable and necessary." *Madison Capital Co.,* 214 P.3d at 561. But we are not bound by the decision of another division of this court. *City of Steamboat Springs v. Johnson,* 252 P.3d 1142, 1147, 2010 WL 3035202 (Colo.App.2010).

■ We are persuaded that the better rule is that costs of counsel's meals are not awardable because they are not attributable to the litigation: counsel would need to eat regardless of any litigation. *See, e.g., In re Jefsaba, Inc.,* 172 B.R. 786, 811 (Bankr. E.D.Pa.1994) (declining to reimburse counsel's lunch expenses because "[p]resumably, these gentlemen all would have eaten lunch anyway"); *Buscher v. Boning,* 114 Hawai'i 202, 159 P.3d 814, 836 (2007) (" '[M]eals are not taxable costs. The necessity for eating lunch is severable from and unrelated to the litigation.' " (quoting *Wong v. Takeuchi,* 88 Hawai'i 46, 961 P.2d 611, 619–20 (1998))); *Williams v. N.C. Dep't of Env't & Natural Resources,* 166 N.C.App. 86, 601 S.E.2d 231, 236 (2004) (abuse of discretion to award attorney meals as costs); *Braunberger v. Interstate Eng'g, Inc.,* 607 N.W.2d 904, 910–11 (N.D.2000) (same as *Williams* ); *In re Farnese,* 948 A.2d 215, 218 (Pa.Commw.Ct.2008) (attorney meal expenses are not recoverable as costs); *see also Apple Corps. Ltd. v. Int'l Collectors Soc'y,* 25 F.Supp.2d 480, 499 (D.N.J.1998) (counsel's meal expenses are not reimbursable because they "are not litigation expenses that are essential to the attorneys' ability to render legal services" and the expense "does not contribute to the litigation"); *Carrero v. New York City Housing Auth.,* 685 F.Supp. 904, 909 (S.D.N.Y. 1988) ("[C]ounsel['s] meals are not something the defendants should have to pay for.... [I]ncurring this expense in no way contributes to the proceeding."), *aff'd,* 890 F.2d 569 (2d Cir.1989); *Morris,* 201 P.3d at 1264 (affirming the district court's award of travel costs that would not have been incurred but for the litigation and its denial of meal costs that would have been incurred regardless of the litigation). *But see Howard v. Am. Nat'l Fire Ins. Co.,* 187 Cal. App.4th 498, 115 Cal.Rptr.3d 42, 79 (2010) ("Although the incurring of meal expenses may be merely convenient to an attorney attending a local deposition, meal expenses may be reasonably necessary where an out-of-state attorney must travel to the deposition.").

Therefore, we conclude that the district court abused its discretion in awarding Mountain States' counsel's meal expenses, and we therefore vacate that portion of the order.

### G. Trial Technical Support Expenses

■ The Valentines contend that the district court abused its discretion in awarding costs for Mountain States' payment of an outside vendor for trial technical support, $32,174.05, because Mountain States' counsel's in-house paralegals could have provided such support. We are not persuaded.

■ The district court's considerable discretion in awarding costs encompasses all actual and reasonable expenses incurred in relation to matters "which in the court's view would expedite the trial and which would give the court and the parties a clear conception of the points in issue." *Am. Water Dev.,* 874 P.2d at 390 (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 54.70[5] (2d ed. 1993)) ("Given logistical difficulties presented by the location and duration of the trial and the extensiveness of the exhibits, we conclude the trial court was within its discretion in allowing costs to the United States for establishing a temporary office in Alamosa."); *see also GF Gaming Corp.,* 205 P.3d at 527 (a district court may award costs for document coding expenses because document coding permits counsel to be more efficient in exercising professional judgment). As with other expenses, these expenses are necessary when incurred due to litigation and in preparation for trial. *See Mackall v. Jalisco Int'l, Inc.,* 28 P.3d 975, 977 (Colo.App.2001).

Here, the court found "that the techs we had during the course of the trial were very useful. If we needed a particular exhibit, that exhibit was promptly put up on a screen.... It was useful to the Court as well to follow the thread of the ... argument." The court specifically rejected the Valentines' argument that paralegals could have provided the technical support,

"find[ing] in this particular case considering the enormous volume of material that it was best and appropriate and reasonable to have the technicians on hand. They were far beyond mere page flippers . . . ." Given these findings, the Valentines' bald assertion that paralegals could have performed the work is insufficient to demonstrate that the court abused its discretion in awarding costs for outside trial technical support. *See Mackall*, 28 P.3d at 977 (where the defendant did not cite any authority supporting a limitation of the district court's discretion to award costs in a certain circumstance, the court did not abuse its discretion by making the award); *cf. Catlin*, 219 P.3d at 412 (a loan taken by a party to finance its case is not a recoverable cost because the loan results primarily from the party's economic circumstances and is not preparation for trial).

### H. Postage, Long Distance, and Courier Expenses

The Valentines also contest the district court's award of postage, $281.75; long distance telephone expenses, $208.84; and courier expenses, $2,034.09, on the grounds that Mountain States provided inadequate documentation to demonstrate the reasonableness or necessity of these costs. We decline to review these contentions.

The Valentines did not contest the requests for postage and long distance telephone expenses in the district court; therefore, these items are not properly before us. *GF Gaming Corp.*, 205 P.3d at 528; *Donelson*, 70 P.3d at 546–47.

Similarly, the Valentines argued to the district court that the courier expenses were impermissible only because Mountain States had not provided invoices or receipts to prove that the expenses were not commingled with those of Mountain States' counsel's other clients and thus unrecoverable overhead.[11] They did not assert, as they do on appeal, that it was unreasonable or unnecessary to use courier services. Accordingly, we do not address that argument. *See Es-*

11. We note that Mountain States did in fact submit invoices detailing the sender and recipient for each of its couriered items.

*tate of Stevenson*, 832 P.2d at 721 n. 5; *Continental Western Ins. Co.*, 77 P.3d at 915.

The portions of the order awarding mediator and special master fees, mileage expenses, and counsel's meal expenses are vacated. The portion of the order awarding in-house photocopying costs is reversed. The case is remanded for recalculation of the amount to award for in-house photocopies. In all other respects, the order is affirmed.

Judge DAILEY and Judge CRISWELL * concur.